In the Matter of LLOYD JONATHAN MANNING, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 23, 1991

### APPEARANCES OF COUNSEL

*Robert H. Straus (Khadijah Muhammad* of counsel), for petitioner.

*Anne L. Powers* for respondent.

## OPINION OF THE COURT

Per Curiam.

Lloyd Jonathan Manning has submitted an affidavit dated June 6, 1991, wherein he tenders his resignation as an attorney and counselor-at-law *(see,* 22 NYCRR 691.9).

The respondent acknowledges in his affidavit that he has been charged with converting a client's funds to his own use and benefit and failing to comply with the lawful demands of the Grievance Committee.

The respondent acknowledges that he could not successfully defend himself on the merits against the charges initiated against him, that his resignation is freely and voluntarily tendered, that he has not been subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation.

Under the circumstances, the respondent's resignation as a member of the Bar is accepted and directed to be filed. Accordingly, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and SULLIVAN, JJ., concur.

Ordered that the resignation of respondent Lloyd Jonathan Manning is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Lloyd Jonathan Manning is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Lloyd Jonathan Manning shall continue to comply with this court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Lloyd Jonathan Manning is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another any opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.